TO THE COURT 11-20-2024,

I am writing to request that the Court compel the Defendants to produce documentary evidence supporting their claim, made in their Notice of Removal and associated Certificate of Service, that they properly served me by mail with copies of these documents.

As I have repeatedly informed the Court, I never received any such mailing, and the U.S. Postal Service has no record of any delivery from Defendants to my address around the alleged service date. Given the grave implications of this discrepancy for the validity of the removal and this Court's jurisdiction, it is incumbent on Defendants to provide conclusive proof of service beyond their own self-serving assertions.

In today's era of computerized recordkeeping and digital tracking of legal correspondence, it strains credulity to suggest that Defendants would have no documentary evidence of a mailing they claim to have made. Any competent law firm maintains meticulous records of postage and service expenses for client billing and internal auditing purposes. These records are typically generated automatically by postage meter machines, online mailing services, or other software used to process legal mail.

If Defendants indeed mailed the Notice of Removal as their Certificate of Service attests, they should be able to readily produce a postage meter log, online service receipt, firm expense report, client invoice, or similar record proving that the mailing was processed and the associated cost was incurred. The fact that they have failed to do so, despite multiple requests and opportunities, raises the strong inference that no such record exists because no such mailing was ever made.

To be clear, the burden is on Defendants to prove proper service, not on me to disprove it. They are the ones asserting a jurisdictional fact; they must substantiate it with evidence, not merely ipse dixit. And in light of the serious questions raised by the lack of any USPS record of the claimed mailing, Defendants' unsubstantiated say-so cannot suffice.

Accordingly, I respectfully request that the Court order Defendants to produce, within 3 days, documentary evidence from their firm's mailing or accounting systems showing that the Notice of Removal was in fact processed and sent to me as claimed in their Certificate of Service. If they fail to do so, the Court should deem the Certificate of Service false and reject the removal as void ab initio for want of proper service.

This is not a mere technicality, but a fundamental issue of due process and the integrity of these proceedings. If Defendants cannot back up their jurisdictional

assertions with credible proof, then this Court cannot in good conscience continue to entertain a removal that appears to be founded on a falsehood. The only proper course in such circumstances is to remand the case to state court for all further proceedings.

Given the fast-approaching hearing date of November 27, 2024, and the need to resolve this jurisdictional question expeditiously to avoid further delay and prejudice, I respectfully request that the Court order Defendants to produce the requested proof of service within 3 business days of this request. This is a reasonable and feasible time frame for Defendants to provide documentation that should be readily available if their Certificate of Service is truthful.

If Defendants fail to produce the requested evidence within this timeframe, the Court should deem the Certificate of Service false and the removal void, and should immediately remand the case to state court so the scheduled hearing can proceed. There is simply no justification for allowing this matter to languish in jurisdictional limbo any longer based on Defendants' unsubstantiated assertions.

Every day that this issue remains unresolved is a day that I am denied my right to pursue justice in the proper forum. The Court should not countenance further delay or obfuscation by Defendants, particularly given the rapidly approaching hearing date and the grave questions about the integrity of their removal notice.

Three days is more than enough time for Defendants to back up their jurisdictional claims with concrete evidence, if such evidence exists. If they cannot do so, the only reasonable conclusion is that their Certificate of Service is false and their removal is fatally defective. In that case, prompt remand is imperative to mitigate the prejudice to me and to safeguard the integrity of these proceedings.

I implore the Court to act swiftly and decisively to resolve this issue and prevent further gamesmanship by Defendants. The stakes are too high and the clock is ticking too fast to allow this improper removal to languish a moment longer than absolutely necessary.

Thank you for your attention to this important matter. I stand ready to provide any further information or assistance the Court may require in resolving this issue and ensuring the fair and lawful administration of justice.

Justin Riddle

Pro Se Litigant and Defender of American Freedoms

402-813-2156

I swear and certify under penalty of perjury that every single word contained in the document is true to the best of my knowledge.