IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JUSTIN E. RIDDLE,<br><br>    Plaintiff,<br><br> v.<br><br>OMAHA PUBLIC SCHOOLS,<br><br>    Defendant. | 8:24CV431<br><br>MEMORANDUM<br>AND ORDER |

   This matter is before the Court on plaintiff Justin E. Riddle's ("Riddle") *pro se* Motion to Remand (Filing No. 9) this case to the District Court of Douglas County, Nebraska (the "state court"). Riddle sued (Filing No. 1-1) defendant Omaha Public Schools ("OPS") in state court on October 11, 2024, alleging OPS improperly withheld public records despite "numerous lawful requests from [Riddle] and others" and the Nebraska Attorney General's Office abdicated "its duty to honestly investigate" complaints against OPS under the Open Meetings Act, Neb. Rev. Stat. § 84-1407 *et seq*. *See id*. § 84-712 *et seq*. (setting forth the rights of individuals to examine public records and the process for requesting such records). Along with those state-law claims, Riddle also sought damages under 42 U.S.C. § 1983, asserting OPS violated his rights under the First and Fourteenth Amendment by "retaliating against him" and "depriving him of the state-created" interests set forth in the public-records laws. *See* U.S. Const. amend. I, XIV.

   On November 6, 2024, OPS removed the case to this Court (Filing No. 1), *see* 28 U.S.C. §§ 1441(c), 1446, asserting the Court had original, federal-question jurisdiction over Riddle's § 1983 claims and supplemental jurisdiction over his state-law claims, *see* 28 U.S.C. §§ 1331, 1367(a). Upon removal, OPS promptly moved to dismiss Riddle's complaint (Filing No. 2) for failure to state a claim. *See* Fed. R. Civ. P. 12(b)(6). Riddle vehemently opposes that motion.

Riddle filed a Verified Amended Complaint (Filing No. 8) on November 13, 2024. *See* Fed. R. Civ. P. 15(a)(1)(B) (permitting a party to amend its pleading as a matter of course "21 days after service of a motion under Rule 12(b)"). As Riddle explains, that amended complaint (Filing No. 8-1) eliminates any federal claims he previously asserted, making it so only "state law claims remain." Riddle filed the present motion to remand on that basis, asserting the Court is deprived of jurisdiction as the amended complaint "pleads no federal causes of action" (Filing No. 9-1).

On November 14, 2024, the Court promptly ordered that all other pending motions would be held in abeyance "until it resolves Riddle's request for remand" (Filing No. 11). OPS has since responded (Filing No. 14) to Riddle's motion, stating it "does not oppose . . . remand[ing] this action" if "no federal claims remain at issue in this case." It does, however, contend that the Court has discretion to deny Riddle's request and address his state-law claims. *See Hunter v. Page County*, 102 F.4th 853, 872 (8th Cir. 2024) (upholding the district court's decision to deny a motion to remand and address state-law claims after considering the "four statutory factors" in 28 U.S.C. § 1367(c)); *Carlsbad Tech. Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (stating a district court's decision whether to exercise supplemental jurisdiction over state-law claims "after dismissing every claim over which it had original jurisdiction is purely discretionary").

The Court finds Riddle's requested remand is the proper course of action in this case. In fact, the Eighth Circuit has recently clarified that state court is "[t]he only option" under these circumstances. *Wullschleger v. Royal Canin U.S.A., Inc.*, 75 F.4th 918, 924 (8th Cir. 2023), *cert. granted*, 144 S.Ct. 1455 (No. 23-667, 2024 Term). In *Wullschleger*, the circuit court explained that the Court has a duty to remand a removed case where the plaintiff's amended pleading omits any federal-law claims on which the Court's federal-question and supplemental jurisdiction were based. *Id.* at 922. In those circumstances, the original complaint is "without legal effect," and there are no longer any federal claims on which to hinge the Court's supplemental jurisdiction over

remaining state-law claims. *Id.* at 922-24 (quoting *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). Such is the case here.

To be sure, *Wullschleger*'s fate currently hangs in the balance in the wake of the Supreme Court's recent oral arguments in the case. But the Court would find remand is proper even without its clear mandate. Where the sole claim over which the Court has original jurisdiction is eliminated, "'judicial economy, convenience, fairness, and comity' normally weigh against the exercise of supplemental jurisdiction." *Wells ex rel. Glover v. Creighton Preparatory Sch.*, 82 F.4th 586, 594 (8th Cir. 2023) (quoting *McManemy v. Tierney*, 970 F.3d 1034, 1041 (8th Cir. 2020)). There are no novel or extraordinary circumstances in this case to warrant diverging from that normal course, particularly when both parties agree a remand is appropriate. As such,

IT IS ORDERED:
1. Plaintiff Justin E. Riddle's Motion to Remand (Filing No. 9) is granted.
2. This case is remanded to the District Court of Douglas County, Nebraska, for further proceedings.
3. The Clerk of Court shall take all steps necessary to effectuate the remand.
4. The pending motions filed in this Court (Filing Nos. 2, 4) are denied without prejudice as moot.

Dated this 22nd day of November 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge